# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

KRISTINA MILLER,

    Plaintiff,

v.                         Civil Action No.:

THE STANDARD INSURANCE COMPANY,

    Defendant.

## **COMPLAINT**

The Plaintiff, KRISTINA MILLER, sues the Defendant, THE STANDARD INSURANCE COMPANY (hereinafter "THE STANDARD") and states:

1. This is an action for legal and/or equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. § 1131(e) and (f).

3. Plaintiff is a resident of Watauga County, Sugar Grove, North Carolina.

4. Plaintiff was an employee of Hospice of Surry County (hereinafter "Hospice of Surry").

5. At all times material hereto, Defendant THE STANDARD was a corporation licensed to do business in the State of North Carolina.

6. At all times material hereto, Plaintiff is and/or was a participant in Hospice of Surry County's Long Term Disability Plan ("LTD Plan") that provided for Long Term disability benefits.

7. At all times material hereto, Defendant THE STANDARD was charged with making the final benefits determinations at issue under the LTD Plan, including the determinations made on Plaintiff's claim.

8. The Plan was funded through a contract of insurance issued by Defendant THE STANDARD, who pays claims from its own general assets.

9. Upon information and belief, Defendant THE STANDARD operated under a structural financial conflict of interest in that it assumed dual roles as the claim's administrator and payor of benefits.

10. The LTD Plan contains the following definition of disability:

*"If your Own Occupation involves the rendering of professional services and you are required to have a professional or occupation
license in order to work, your Own Occupation is as broad as the scope of your license. "*

*"During the Benefit Waiting Period and the Own Occupation Period you are required to be Disabled only from your Own Occupation "*

*You are Disabled from your Own Occupation if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder:*

*1. You are unable to perform with reasonable continuity the Material Duties of your Own Occupation; and*

*2. You suffer a loss of at least 20% in your Indexed Predisability Earnings when working in your Own Occupation.*

11. Plaintiff stopped working for Hospice of Surry County on February 11, 2023, and her date of disability was February 11, 2023.

12. By letter dated June 17, 2023, Defendant THE STANDARD determined that Plaintiff did not the definition of disability as defined in the LTD Plan as of February 11, 2023, her date of disability.

13. By letter dated November 6, 2023, Defendant THE STANDARD confirmed receipt of Plaintiff's November 2, 2023, appeal request of the June 17, 2023, determination.

14. Subsequent to the filing of her appeal, Plaintiff informed Defendant THE STANDARD that she had returned to work and was amending her claim to one for a request for LTD benefits for the time period February 11, 2023 through January 28, 2024.

15. Defendant THE STANDARD affirmed the decision terminating Plaintiff's Long Term disability benefits by letter dated February 29, 2024. This denial formally exhausted Plaintiff's administrative remedies, and THE STANDARD informed Plaintiff that she had a right to bring a legal action under ERISA on or before February 29, 2027.

## CAUSE OF ACTION

**(Violation of Section 502(a)(1)(B) Against Defendant, THE STANDARD )**

16. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 15, inclusive.

17. The LTD Plan provides that Plaintiff is entitled to Long Term disability benefits if she meets the definition of Disabled.

18. Plaintiff met the definition of Disabled within the meaning of the LTD Plan and is entitled to disability benefits for the period February 11, 2023 through January 28, 2024.

19. Defendant THE STANDARD, since February 11, 2023, has failed and refused to pay Long Term disability benefits for the time period February 11, 2023 through January 28, 2024 and such failure and refusal constitutes an improper denial of benefits pursuant to a disability plan governed by ERISA.

3

20. The decision denying the Plaintiff the rights and benefits due under the LTD Plan was wrong, arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith, and in violation of 29 U.S.C. §1132(a) et seq. The decision is not supported by substantial evidence and arises from an erroneous application of the LTD Plan and federal law.

21. Defendant THE STANDARD failed to provide a full and fair review of the decision denying Plaintiff's claims for benefits as required under 29 U.S.C. §1133(2).

22. As a direct and proximate result of Defendant THE STANDARD 's actions, the Plaintiff has sustained damages, and such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

23. Plaintiff has been required to obtain the services of the undersigned attorney in this matter and has agreed to a reasonable attorney fee as compensation to him for his services. Pursuant to 29 U.S.C. § 1132(g) Plaintiff is entitled to a reasonable attorney's fee and costs of action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KRISTINA MILLER, asks this Court to enter judgment against Defendant THE STANDARD finding that:

(a) Plaintiff met the definition of Disabled under the LTD Plan as of February 11, 2023, and through January 28, 2024;

(b) Plaintiff is entitled to Long Term disability benefits for the time period February 11, 2023 through January 28, 2024;

(c) An award reasonable attorney's fees and costs incurred in this action is proper; and

(d) Any such other and further relief this Court deems just and proper.

Respectfully Submitted,

*s/ Lindsay F. Osterhout*
LINDSAY F. OSTERHOUT
NC Bar No. 57592
Osterhout Berger Disability Law
521 Cedar Way, Suite 200
Oakmont, PA 15139
Telephone: 412-794-8003
Fax: 412-794- 8050
losterhout@obd.law
Date: 11/12/2024